## Case No. 18,301.

HICKERSON v. UNITED STATES.

[2 Hayw. & H. 228.] [1]

Circuit Court, District of Columbia. Dec. 18, 1856.

NUISANCE—PUNISHING SLAVE—QUESTION FOR JURY.

1. It is an indictable offence to inflict punishment on a servant or slave, to the annoyance or nuisance of citizens, whose pleasure or business carry them near the scene of infliction.

2. The question of nuisance or no nuisance is one of fact exclusively for the jury to decide.

At law. Writ of error to the criminal court. Indictment for an assault on a slave. The following is the indictment: That William

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

Hickerson, late of the county aforesaid, laborer, on the 2nd day of June, 1856, with force and arms, at the county aforesaid, in and upon one negro, James, the said James being then and there a slave, the property of one Mary A. Dodson, in the peace of God and the said United States, then and there being near a public street and highway in the county aforesaid, did make an assault and battery; and him, the said James, did then and there beat and ill treat, and other wrongs and injuries to the said James then and there did, to the great damage of the said James, to the terror and disturbance and annoyance and common nuisance of the good citizens of the United States, then and there passing and repassing on and near the said public street and highway, and there and thereabouts being and abiding and against the peace and government of the United States.

The defendant, by his counsel, moved the court to quash the indictment, because the offence charged is not an indictable offence.

THE COURT overruled the motion.

The defendant's counsel prayed the court to instruct the jury as follows: If the jury believe that the negro James, mentioned in the indictment, was a slave of Mary

A. Dodson, and was hired to Mr. Burch, the keeper of a livery stable, and that the defendant was the manager for said Burch, with authority from him to correct and manage his servants; and that the assault and battery charged was a mere whipping inflicted by said defendant in the said stable, then the jury must acquit the defendant of the offence charged.

THE COURT refused to give the instructions, but gave the following: "The court cannot say to the jury that the fact of the defendant having inflicted the whipping in a stable entitled him to acquittal. If they believe it to have been so from the evidence in the case, it is necessary that they should believe from the evidence that the whipping took place near a public street or highway, and that it was to the terror, disturbance, annoyance and common nuisance of the good citizens of the United States, for it is so charged in the indictment. It must amount, and you must believe that it was a nuisance, for a technical assault and battery on a slave is not indictable. A master or hirer of a slave, or his manager, has a right to correct a slave that belongs to him, or to whose services he is entitled by hiring, but if he does so in a cruel or inhuman manner in such a place, whether it be in a street, a house or stable, as to be an annoyance or nuisance to the citizens, whose pleasure or business carry them near the scene of the infliction, he is indictable. The question of nuisance, or no nuisance, is one of fact exclusively for the jury to decide." To which ruling and instructions of the court, the defendant, by his counsel, excepts, and prays that this bill of exception may be signed, sealed and enrolled, which is done accordingly.

Charles L. Jones, for petitioner.
P. B. Key, for the United States.

Judgment of criminal court affirmed.